EDWIN B. MALONE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5225.    Promulgated January 27, 1927.

1. Property owned by an individual and used in his trade or business is not affected, as to its status for invested capital purposes, by the formation of a partnership, where such property is not transferred to such partnership.

2. Under the Revenue Act of 1917, property paid in to an individual trade or business prior to January 1, 1914, goes into invested capital at its cash value on January 1, 1914.

3. Property owned by an individual, other than that used in the trade or business, may not be included in invested capital.

*Theodore E. Benson, Esq.,* for the petitioner.
*J. L. Deveney, Esq.,* and *John D. Foley, Esq.,* for the respondent.

This proceeding is for the redetermination of a deficiency in income and excess-profits taxes for the calendar year 1917, in the amount of $1,294.93. The deficiency arose by reason of the respondent's action in disallowing certain items, and the value of other items, as parts of invested capital. Petitioner assigned five errors, in substance as follows:

(1) The Commissioner erred in using cost of an asset acquired prior to 1907 instead of the cash value thereof at January 1, 1917,

(2) The Commissioner erred in excluding certain tangible assets paid in to petitioner's business and so carried on his books.

(3) The Commissioner erred in excluding United States Liberty bonds from invested capital.

(4) The Commissioner erred in excluding from invested capital certain stocks and accounts receivable used for credit purposes.

(5) The Commissioner erred in excluding from invested capital the value of a life insurance policy on petitioner's life and used for credit purposes. At the hearing petitioner waived assignment with reference to the insurance policy. He also waived in part assignment (2), being that part pertaining to the Collingsworth property and alleged in the petition as valued at $37,415.45. He also waived, in part, assignment (4), being that part pertaining to stock in a building and loan association of an alleged value of $1,913.45.

### FINDINGS OF FACT.

The petitioner is an individual who resides in Philadelphia, Pa. Prior to 1907 petitioner, as sole owner, conducted a lumber business in Philadelphia, under the name of Watson, Malone & Sons, and in connection with that business owned wharves, lumber sheds, an office building, real estate and other property; also other property not directly connected with the lumber business.

In 1907 he entered into a partnership agreement with Charles N. Strickler, which agreement provided for a partition, or sharing of profits and losses, to petitioner 70 per cent, and to Strickler 30 per cent. Strickler contributed no capital and none of the assets owned by petitioner were transferred to the partnership. The partnership continued to operate under the name of Watson, Malone & Sons. That partnership continued until the close of 1916, at which time it was dissolved, Strickler retiring from the business and the petitioner continuing it as sole owner, as the same business and under the same name.

On January 1, 1914, the actual cash value of the several items of property used in and connected with said lumber business was as follows:

| | |
|---|---:|
| Land | $80,000 |
| Solid wharf | 37,400 |
| Pile pier | 16,500 |
| Office building | 3,000 |
| Brick building | 2,500 |
| Lumber shed | 6,500 |
| Lumber shed on pier | 20,000 |
| Railroad side track | 5,000 |
| | 170,900 |

From January 1, 1914, to January 1, 1917, these properties enhanced, generally, in market value; the land enhanced to the extent of $20,000 and the enhancement in the improvements was approximately offset by depreciation so that the improvements on January 1, 1917, were of the same market value as on January 1, 1914, that is, the total value of the assets above listed, on January 1, 1917, was $190,900.

In 1917 the petitioner owned twenty-two or twenty-four lots in South Atlantic City which came to him by inheritance. These lots were carried on petitioner's books at January 1, 1917, at $5,135.27, which represented the amount of taxes that had been paid and charged against the lots since 1886. There was no evidence of market value of the lots in 1917.

In 1917 the petitioner purchased for cash United States Liberty bonds as follows:

| | |
|---|---:|
| June 15 | $500 |
| June 21 | 500 |
| July 5 | 500 |
| July 17 | 500 |
| July 27 | 1, 000 |
| October 26 | 200 |
| November 16 | 9, 800 |
| December 27 | 10, 000 |
| Total | 23, 000 |

The Tomahawk Lumber Co. was a corporation the business of which was the manufacture of lumber, and petitioner handled and sold its output. Petitioner owned $3,000 worth of the stock of that corporation and during the period 1911 to 1915, Watson, Malone & Sons advanced to that corporation various sums of money aggregating $5,019.45, which were charged on the books against the corporation. In 1915 the Tomahawk Lumber Co. was without timber—raw material, and was forced to cease operation. The investments in the stock, as well as the advancements in money, were of little, if any, value. In closing out the partnership December 31, 1916, this account was not taken into consideration as it was deemed of no value, but was continued on the books of petitioner in 1917.

## OPINION.

Love: At the hearing of this case the petitioner abandoned his assignments of error involving the life insurance policy, the Collingsworth property, and the building and loan association stock; hence those items pass out of consideration. There remain for consideration:

(1) The determination, for invested capital purposes, of the cash value of the tangible properties connected with and used in the trade or business conducted by the petitioner.

(2) Whether or not certain properties owned by petitioner, but not connected with his business and not used in the business otherwise than being included in statements of individual assets made to his bank as a basis of credit, shall be included in invested capital, and if so, at what value.

The decision in this case is controlled by section 207 of the Revenue Act of 1917, the pertinent parts of which are as follows:

That as used in this title, the term "invested capital" for any year means the average invested capital for the year, as defined and limited in this title, averaged monthly.

As used in this title "invested capital" does not include stocks, bonds (other than obligations of the United States), or other assets, the income from which is not subject to the tax imposed by this title nor money or other property borrowed and means, subject to the above limitations:

\* \* \* \* \* \* \*

(b) In the case of an individual, (1) actual cash paid into the trade or business, and (2) the actual cash value of tangible property paid into the trade or business, other than cash, at the time of such payment (but in case such tangible property was paid in prior to January first, nineteen hundred and fourteen, the actual cash value of such property as of January first, nineteen hundred and fourteen) \* \* \*.

Prior to 1907 petitioner conducted a retail lumber business under the name of Watson Malone & Sons. From 1907 to the close of 1916 he conducted the same business, at the same place, and under the same name, and had during that time a partner who was a partner only to the extent that he shared in the profits and losses. Strickler contributed nothing to the assets of the business, and none of the assets were transferred to or ever belonged to the partnership.

Petitioner contends strenuously that when petitioner dissolved the partnership and took over the business on January 1, 1917, he began a new business, a successor to the partnership, and that, as of that date, he paid in to that new business the property that had been used in the partnership business, and that such property must go into invested capital at its cash value as of that date, and he alleges its value at $150,000.

The Commissioner contends that there was no change of ownership, no change in business, and that such property must go into invested capital at cost, and determined that cost at $72,500.

Under the facts in this case, it is apparent that from 1906 to 1917, inclusive, there was no material change or reorganization of the business conducted by the petitioner. The partnership involved only the profits and losses, and the title and status of the assets at all

times remained the same.    Those assets having been acquired prior to January 1, 1914, their cash value as of that date is the value that must go into invested capital, and we have found such value to have been $170,900.

With reference to the South Atlantic City town lots, the stock and accounts receivable of the Tomahawk Lumber Co., and the Liberty bonds, the evidence is clear that none of those items, except the Tomahawk Lumber Co. item, was connected with the business, and in no way used in the business other than to be listed as assets belonging to E. B. Malone, in his statements to his bank as a basis of credit. There is no evidence of market value of the town lots. However, regardless of the question of value or no value, and accepting the Liberty bonds at their face value, those properties were not paid in to the business. It is true that all property owned by an individual is liable for his debts and in that way it may be well said that all his property is risked in any business in which he engages. The statute prescribes that it is only the cash or property paid in to the business that may go into invested capital. Neither the Tomahawk Lumber Co. items, the town lots, nor the Liberty bonds were paid in to the business, within the meaning of the statute, and hence may not be included in invested capital.

> *Judgment will be entered on 15 days' notice, under Rule 50.*